1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| AARON DWAYNE MCCOY, | ) Case No. CV 07-3508-GW(JC) |
| Petitioner, | ) ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND |
| v. | ) RECOMMENDATIONS OF UNITED STATES MAGISTRATE |
| LYDIA HENSE, Warden, | ) JUDGE |
| Respondent. | ) |

_____

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation").  The Court approves and accepts the Report and Recommendation, but notes the following:

1.     The Court's docket reflects that Petitioner has been paroled at least as of November 7, 2011.[1]  (Docket Nos. 48, 49).  "For a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody.'"  Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001) (citation

---

[1] On November 7, 2011, mail addressed to petitioner from the Court was returned undelivered with a note stating "Return to Sender [¶] Inmate Paroled."  (Docket Nos. 48, 49).

1  omitted).  Therefore, as a general rule, "a petition for habeas corpus becomes moot
2  when a prisoner completes his sentence before the court has addressed the merits
3  of his petition." Id. (citation omitted).  However, a petition for habeas corpus does
4  not become moot when a prisoner is released on parole.  Goldyn v. Hayes, 444
5  F.3d 1062, 1063 n.2 (9th Cir. 2006) (state prisoner "remains in 'custody' for
6  purposes of habeas jurisdiction while . . . on parole") (citing Jones v. Cunningham,
7  371 U.S. 236, 243 (1963)).  Although a petitioner's parole "releases him from
8  immediate physical imprisonment," such parole "imposes conditions which
9  significantly confine and restrain his freedom" which is sufficient to constitute
10 "'custody' . . . within the meaning of the habeas corpus statute." Jones, 371 U.S. at
11 243; see also Goldyn, 444 F.3d at 1064 n.2 (state habeas petition "not moot" where
12 "adverse consequences of [petitioner's] criminal conviction remain") (citation and
13 quotation marks omitted).  Accordingly, the fact that petitioner has been paroled
14 does not divest this Court of jurisdiction.

15    2.  On page 8, line 23 of the Report and Recommendation, the street
16 name "Hold" is replaced with "Holt"; and

17    3.  On page 13, line 12 of the Report and Recommendation, the
18 unnecessary blank space is removed.

19    IT IS ORDERED that Judgment be entered denying the Petition and
20 dismissing this action with prejudice.

21    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the
22 Report and Recommendation, and the Judgment herein on petitioner and counsel
23 for respondent.

24    LET JUDGMENT BE ENTERED ACCORDINGLY.

25    DATED:  December 27, 2011    _____
26                                  HONORABLE GEORGE H. WU
27                                  UNITED STATES DISTRICT JUDGE
28